**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **OSCAR SAUL GALLEGOS,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SUNNY'S LIVING FOSTER HOME, VANESSA MONSIVAIS, ROGER ORDONEZ, and VIRGINIA OYERVIDES,** | § | **EP-26-cv-00464-DCG** |
| | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Substitute Service and Motion to Extend Time for Service as to Defendants Oyervides and Ordonez, ECF No. 10 [hereinafter "Mot."], referred to the undersigned Magistrate Judge for determination by Senior United States District Judge David C. Guaderrama, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. Order Ref'g Mot. U.S. Mag. J., ECF No. 12. In his Motion, Plaintiff asks that the Court (1) authorize substituted service of Defendants Oyervides and Ordonez and (2) extend the deadline for service of Oyervides and Ordonez by thirty days. Mot. 3–4. For the reasons set forth herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. DISCUSSION

### A. Plaintiff's request that the Court authorize substituted service is denied without prejudice.

Generally, a plaintiff may effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

Fed. R. Civ. P. 4(e)(1). While Texas law typically requires that a defendant be served by certified mail or personal delivery, Texas Rule of Civil Procedure 106(b)(2) allows service by any means deemed "reasonably effective to give the defendant notice of the suit," so long as certain procedural requirements are met.

One such requirement is that the movant must submit a sworn statement "listing any location where the defendant can probably be found." *See* Tex. R. Civ. P. 106(b)(2). The statement must either be (1) an unequivocal assertion based on personal knowledge, or (2) an assertion of belief supported by evidence of probative value. *See Miller v. Short, How, Frels & Tredoux*, No. 05-93-000326-CV, 1994 WL 67720, at *2 (Tex. App. Mar. 4, 1994); *see also James v. John Hancock Life Ins. Co.*, No. EP-22-CV-00436-DCG, 2023 WL 2638275, at *2 (W.D. Tex. Mar. 24, 2023) (quoting *Miller*, 1994 WL 67720, at *2).

Here, Plaintiff's Motion was supported by two affidavits signed by a process server who attempted service on Oyervides and Ordonez. *See* Mot. 6–7. In the affidavits, the affiant listed two properties that he believed Oyervides and Ordonez jointly owned in Canutillo and El Paso, Texas. *Id.* However, he did not assert that he believed or knew either address to be one in which either Defendant could be found. *Id.* Nor did he state he received any information that either Defendant is known to occupy, oversee, or visit the property. *Id.* Indeed, his affidavit revealed that Defendant Monsivais currently occupies the Canutillo property and that she had informed him Defendants "do not have any affiliation with [her] business." *Id.* Further, the affiant did not indicate he observed any signs of occupancy at the El Paso property. *Id.* Because ownership does not necessarily indicate use, the Court does not find Plaintiff has satisfied the requirement that he identify locations in which Oyervides and Ordonez could be found. *See Ferrari Fin. Servs., Inc. v. Yoo*, No. 3:23-CV-01572-K, 2023 WL 8582625, at *2 (N.D. Tex. Sept. 22, 2023) (declining to

find defendant could "probably be found" at location where property manager informed process server defendant "own[ed] a unit in the building but ha[d not] been seen in months'"); *Maltsberger/Storey Ranch LLC v. Rosenfeld*, No. 5:20-CV-193, 2022 WL 22878065, at *3 (S.D. Tex. Jan. 3, 2022) (same, where defendant was listed as "current resident[] or owner[]" and property was listed as defendant's most recent address but neighbor informed process server defendant did not live at property).

Plaintiff's request that the Court authorize substituted service on Oyervides and Ordonez is therefore denied without prejudice.

**B. Plaintiff's request that the Court extend the deadline for service of Oyervides and Ordonez by thirty days is granted.**

"[T]he plain language of [Federal Rule of Civil Procedure] 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Based on the evidence before it, the Court is not persuaded by Plaintiff's assertion that his "inability to complete service is due to Defendants' evasion, not [his own] lack of effort." Mot. 3. Nevertheless, considerations of judicial efficiency and the interest in allowing cases to proceed on the merits support the Court's exercise of discretion to extend the deadline for service.

The Court will therefore grant Plaintiff's request to extend the deadline for service of Oyervides and Ordonez by thirty days.

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Plaintiff's Motion for Substitute Service and Motion to Extend Time for Service as to Defendants Oyervides and Ordonez, ECF No. 10, is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Oyervides and Ordonez in accordance with Federal Rule of Civil Procedure 4 within **thirty days** of this order.

**SIGNED** this 31st day of July, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**